UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Stewart,
      Plaintiff
  vs                                                                Case No. C-1-06-374
                                                                   (Watson,J.;Hogan, M.J.)
The Proctor & Gamble
Company, et. al.,
      Defendants

**REPORT AND RECOMMENDATION
AND
ORDER**

      This matter is before the Court on Defendant The Procter & Gamble Company's Motion to Dismiss or Strike Pro Se Plaintiff's Eighth Complaint (Doc. 6) and Plaintiff's Motion for More Definite Statement/Answer and Motion for Extension of Time to File Response to Motion to Dismiss (Doc. 11).

      Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), to dismiss or strike the latest in the series of complaints filed by Plaintiff. Defendant contends that this latest Complaint is an exact duplication of the Complaint filed by Plaintiff in Case No. C-1-05-480, which is pending before the district court.

      Due to Plaintiff's tendency to file new complaints rather than amending her existing complaints, the Court enjoined Plaintiff from filing court any further complaints in District Court relating to the facts of the cases consolidated under Case No. C-1-04-721 without prior approval of the Court. (*See Stewart v. The P&G Company*, Case. No. C-1-04-721, Doc. 29). Plaintiff, apparently in an attempt to circumvent the Court's order, filed the present Complaint in the Hamilton County Court of Common Pleas on May 23, 2006. Because this Court

has original jurisdiction over the subject matter of Plaintiff's most recent complaint, Defendants removed said Complaint to this Court on June 16, 2006. (Doc. 1).  Thereafter, Defendant filed the motion at issue before us.

## OPINION

It is well established that "a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp.1210, 1212-13 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).  "As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Smith v. SEC,* 129 F.3d 356, 361 (6th Ci. 1997)(quoting *Colorado River*, 424 U.S. at 817). Moreover, as part of its inherent power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit, but "only the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 819; *see also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183-84 (1952).  "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Anderson & Co. ,* 3 F.3d 221, 223 (7th Cir. 1993).

There can be no reasonable dispute that the instant lawsuit is duplicative of Plaintiff's action in Case No. C-1-05-480 in every aspect.  Upon review of Plaintiff's Complaint in the present action, it is clear that the Complaint is merely a photocopy of Plaintiff's Complaint filed in Case No. C-1-05-480.  Such exact duplication provides, in our opinion, the necessary justification to warrant dismissal of the present action.  *See Colorado River*, 424 U.S. at 819; s*ee also Curtis v. Citibank, N.A.,* 226 F.3d 133, 139  (2nd Cir. 2000)(Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.).  For this reason, we find that dismissal of Plaintiff's Complaint in the present action is appropriate.

Also before the Court is Plaintiff's Motion for a More Definite Statement/Answer and Motion for Extension of Time to File Response to Motion to Dismiss (Doc. 11) in which Plaintiff requests additional time to "summarize her response in a meaningful way" to Defendant's motion.  We find that such an extension is unnecessary and, indeed, would be futile.  As the Complaint in the

present action is an exact replication of the Complaint in Case No. C-1-05-480, currently pending before this Court, Plaintiff suffers no prejudicial effect from the dismissal of the present action.  With respect to Plaintiff's request for a more definite statement/answer, it appears that Plaintiff is requesting updated information pertaining to Defendant's Corporate Disclosure Statement filed on June 19, 2006.  (*See* Doc. 4).  Pursuant to S.D. Ohio Civ. R. 7.1.1(c)(3), "counsel shall also promptly file a supplemental statement upon any change in the information that the disclosure statement requires."  Plaintiff has given this Court no specific reason to believe that Defendant has not complied with this rule.  Accordingly, for the reasons stated above, Plaintiff's Motion for a More Definite Statement/Answer and Motion for Extension of Time to File Response to Motion to Dismiss (Doc. 11) is hereby denied.

## IT IS THEREFORE ORDERED THAT

1) Plaintiff's Motion for a More Definite Statement/Answer and Motion for Extension of Time to File Response to Motion to Dismiss (Doc. 11) be  DENIED.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant The Procter & Gamble Company's Motion to Dismiss or Strike Pro Se Plaintiff's Eighth Complaint (Doc. 6) be GRANTED and Plaintiff's Complaint be DISMISSED.

2) This Case be TERMINATED upon the Court's docket.


Date:  7/21/2006             s/Timothy S. Hogan
                             Timothy S. Hogan
                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING
### OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\MTNDISM\Stewart.mtd.wpd

1:06cv374 Doc. 12

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Deborah Stewart<br>1438 Windsong Court<br>Mason, OH 45040 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2191 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835